Case 43.                          Tolly *vs.* Price.

ORD. PET.                    APPEAL FROM HOPKINS CIRCUIT.

> By section 614 Code of Practice, depositions cannot be read where the witness resides in an adjoining county to that in which the action is pending, unless the witness be absent from the state, or unable to attend court. This is the law since 1st July, 1854.

[The facts of the case are stated in the opinion of the court.—REP.]

*Geo. Huston* for appellant—

Relied on the following grounds for a reversal of the judgment:

1. The court improperly admitted the depositions of Hughes and Waggoner, who lived in an adjoining county, to be read to the jury, without proof of their absence from the state, or their inability to attend court.

2. In not excluding the deposition of Waggoner on account of leading questions therein.

3. In refusing a new trial because of the surprise of the appellant in trying the case before his witnesses had time to reach the court, and because the damages were excessive.

October 18.     Judge SIMPSON delivered the opinion of the court:

The only question which we shall notice in this case is that which was made in the circuit court, as to the admissibility, as evidence, of the depositions of two witnesses who resided in an adjoining county, but more than thirty miles distant from the place of trial, without any proof of their inability to be present.

The Revised Statutes (*page* 703) contain a provision that a witness shall not be compelled to attend at a place distant more than thirty miles from his res-

*By section 614 Code of Practice, depositions cannot be read where the witness resides in an adjoining county to that in which the action is pending, unless the witness be absent from the state, or unable to at-*

idence, but his deposition may, for that cause, be taken in any civil suit.

The 614th section of the Code of Practice in Civil Cases provides, that depositions may be used on the trial of all issues in any action where the witness does not reside in the county where the action is pending, or in an adjoining county, or is absent from the state.

attend court.— This is the law since 1st July, 1854.

These are conflicting provisions, and the question to be decided is, which of them is to prevail and regulate the proceedings in the present action.

This question is conclusively settled by the 748th section of the Code itself, which declares that the Code of Practice in civil actions, as amended, shall regulate the procedure in all civil actions and proceedings in the courts of this commonwealth, and that all laws coming within the purview of its provisions shall be repealed: provided, however, that actions and proceedings commenced before this act goes into effect, shall not be affected by the provisions of this section.

The section just quoted was enacted by the legislature at the session of 1853–'54, and went into effect on the 1st day of July, 1854. The present action was commenced in October, 1854, and the proceedings therein are consequently regulated by the Code of Practice, and not by the Revised Statutes.

As, therefore, the witnesses resided in an adjoining county, the circuit court erred in permitting their depositions to be read upon the trial, although their residence was more than thirty miles distant from the place of trial, without proof that they were unable to attend court.

Wherefore, the judgment is reversed, and cause remanded for a new trial in conformity with this opinion.